RECORD NO. 13-4293

# In The
# United States Court of Appeals
## For The Fourth Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee,*

**v.**

**JAMES ALAN MCCLURE,**

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT STATESVILLE**

---

**BRIEF OF APPELLANT**

---

**Henderson Hill**
**Executive Director**
**FEDERAL DEFENDERS OF
  WESTERN NORTH CAROLINA, INC.**

**Joshua B. Carpenter**
**FEDERAL DEFENDERS OF
  WESTERN NORTH CAROLINA, INC.**
**One Page Avenue, Suite 210**
**Asheville, North Carolina  28801**
**(828) 232-9992**

*Counsel for Appellant*

---

**THE LEX GROUP** ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA  23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................... ii

NATURE OF THE BRIEF ...................................................................................... 1

STATEMENT OF JURISDICTION ....................................................................... 1

STATEMENT OF THE ISSUE ............................................................................... 1

STATEMENT OF THE CASE ................................................................................ 2

STATEMENT OF THE FACTS ............................................................................. 2

SUMMARY OF THE ARGUMENT ...................................................................... 4

ARGUMENT ........................................................................................................... 4

      I.    McClure's Prior Conviction Should Not Have Triggered The 15-Year Mandatory Minimum Under 18 U.S.C. § 2252A(b)(1) ............................... 4

            A.    Standard of Review ................................................................. 4

            B.    Discussion ................................................................................ 5

CONCLUSION ........................................................................................................ 6

STATEMENT REGARDING ORAL ARGUMENT ............................................. 6

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# **TABLE OF AUTHORITIES**

**Page(s)**

## **CASES**

*Anders v. California*,
    386 U.S. 738 (1967) ............................................................................. 1, 4, 6

*Descamps v. United States*,
    133 S. Ct. 2276 (2013) ................................................................................ 6

*United States v. Spence*,
    661 F.3d 194 (4th Cir. 2011) .................................................................... 4, 6

## **STATUTES**

18 U.S.C. § 2252(a)(4)(B) ................................................................................ 2, 3

18 U.S.C. § 2252A(a)(2) ............................................................................... 2, 3, 5

18 U.S.C. § 2252A(b) ......................................................................................... 3, 4

18 U.S.C. § 2252A(b)(1) ............................................................................... 1, 4, 5

18 U.S.C. § 2252A(b)(2) ......................................................................................... 6

18 U.S.C. § 3231 .................................................................................................. 1

18 U.S.C. § 3742 .................................................................................................. 1

28 U.S.C. § 1291 .................................................................................................. 1

N.C. Gen. Stat. § 14-27.5 .................................................................................. 3, 5

## **RULE**

Fed. R. Crim. P. 11 ................................................................................................ 3

## NATURE OF THE BRIEF

After carefully examining the record in light of applicable law, the undersigned counsel has determined that there are no non-frivolous grounds for appeal. For that reason, counsel submits this brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). As required by *Anders*, this brief identifies the issues in the record that might arguably support an appeal, including those issues that the appellant has specifically asked counsel to raise. In addition, counsel has provided McClure with a copy of this brief and informed him of his right to raise any additional issues within a reasonable time. Should the Court determine, after reviewing the record, that additional briefing is necessary, counsel will be happy to provide it.

## STATEMENT OF JURISDICTION

The United States District Court for the Western District of North Carolina had jurisdiction over this criminal case under 18 U.S.C. § 3231. The district court entered a final judgment against James Alan McClure, on April 16, 2013. Dkt. No. 22. McClure filed a timely notice of appeal on April 18, 2013. Dkt. No. 24. This Court has jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUE

Did the district court err in concluding that McClure's prior North Carolina conviction triggered the 15-year mandatory minimum under 18 U.S.C. § 2252A(b)(1)?

## STATEMENT OF THE CASE

On February 29, 2012, McClure pled guilty to a two-count Bill of Indictment that charged him with one count of Receiving Child Pornography That Has Been Shipped or Transported in or Affecting Interstate or Foreign Commerce in violation of 18 U.S.C. § 2252A(a)(2) and one count of Possession of Computer Hard Drive Containing Visual Depictions of a Minor Engaged in Sexually Explicit Conduct in violation of 18 U.S.C. § 2252(a)(4)(B). Dkt. Nos. 1 (Indictment) & 13 (Acceptance of Guilty Plea). On April 9, 2013, the district court conducted a sentencing hearing at which it sentenced him to the mandatory minimum sentence of 180 months in prison. Transcript of Sentencing Hearing (April 9, 2013) ("Sent. Tr."), at 44-45. The district court entered a final judgment on April 16, 2013. Dkt. No. 22. McClure filed a notice of appeal on April 18, 2013. Dkt. No. 24.

## STATEMENT OF THE FACTS

The charges in this case arose from a North Carolina State Bureau of Investigation (SBI) undercover operation. While investigating the file sharing network, Gnutella P2P, Special Agent C.R. Haas identified an Internet Protocol (IP) address originating in West Jefferson, North Carolina that contained known child pornography files. That IP address was later traced to James Alan McClure. *See* PSR (Dkt. No. 19), ¶ 8. Through further investigation, Haas was able to view 1,160 files which were housed in the shared folder and assigned to McClure's unique IP address. Those files were compared to an established database of known or suspected

pornographic files containing children, and it was determined that 70 of the 1,160 files contained known or suspected child pornography. *Id.* at ¶ 9.

On March 5, 2009, law enforcement officers executed a search warrant at McClure's home, where agents examined his home computer and discovered additional child pornography images. During the search, other officers interviewed McClure at his place of employment, and he admitted to knowingly downloading and viewing child pornography. He denied sharing the images and explained that he viewed the images on LimeWire Pro, which he thought was a private source for housing online videos without sharing them. *Id.* at ¶¶ 11 and 13.

McClure was eventually indicted on federal charges of receiving child pornography (in violation of 18 U.S.C. § 2252A(a)(2)) and possessing a computer hard drive containing child pornography (in violation of 18 U.S.C. § 2252(a)(4)(B)). Dkt. 1. On February 29, 2012, McClure pled guilty without a plea agreement before a federal magistrate judge. Dkt. 13. After thorough questioning, including a discussion of the enhanced mandatory minimum sentences under 18 U.S.C. § 2252A(b), the magistrate judge found that McClure had entered into the plea knowingly and voluntarily. Transcript of Plea and Rule 11 Hearing (February 29, 2012), at 5-9.

After McClure pled guilty, the probation officer prepared a presentence investigation report ("PSR"). The PSR determined that McClure's prior conviction for second-degree sexual offense (in violation of N.C. Gen. Stat. § 14-27.5) made him subject to mandatory minimum sentences of 15 years on Count 1 and 10 years on

3

Count Two. Dkt. 19 ¶¶ 4, 77. If not for that prior conviction, the PSR noted that McClure's advisory guidelines range would have been 121 to 151 months. Dkt. 19 ¶¶ 78.

At the sentencing hearing, the court concluded that it was bound to impose the statutory minimum sentence of 15 years on each count, to be run concurrently. The court also ordered a 15-year term of supervised release with extensive terms, and further required McClure to register as a sex offender upon release, and pay a special assessment of $200. Sent. Tr. 31-38; Dkt. 22.

## SUMMARY OF THE ARGUMENT

As required by *Anders*, counsel has identified the following issue that might potentially support an appeal: whether the district court erred in concluding that McClure's prior North Carolina conviction triggered the 15-year mandatory minimum under 18 U.S.C. § 2252A(b)(1).

## ARGUMENT

### I. McClure's Prior Conviction Should Not Have Triggered The 15-Year Mandatory Minimum Under 18 U.S.C. § 2252A(b)(1).

#### A. Standard of Review

This Court reviews *de novo* the question of whether a prior state conviction qualifies as a predicate that triggers the enhanced mandatory minimum sentences under 18 U.S.C. § 2252A(b). *United States v. Spence*, 661 F.3d 194, 197 (4th Cir. 2011).

**B.    Discussion**

A violation of § 2252A(a)(2) typically carries a minimum sentence of 5 years in prison and a maximum of 20 years. 18 U.S.C. § 2252A(b)(1). But the minimum is raised to 15 years and the maximum to 40 years if the offender has "a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." *Id.*

In this case, McClure could argue that the district court erred in concluding that his prior North Carolina conviction qualified as an offense that triggers the 15-year mandatory minimum under § 2252A(b)(1). In doing so, he could argue that the enhanced minimum sentence should apply only when the prior conviction categorically qualifies as one that "involv[es] a minor or ward." He could argue, in other words, that the phrase, "involving a minor or ward," modifies all three of the terms listed in § 2252A(b)(1): aggravated sexual abuse, sexual abuse, and abusive sexual conduct.

If § 2252A(b)(1) were construed in this manner, McClure would not be subject to the enhanced mandatory minimum. That's because a conviction for second degree sexual offense under N.C. Gen. Stat. § 14-27.5 does not require, as an element, that the offense involve a minor or ward. As a result, applying the categorical approach, a conviction for that offense would not qualify as a § 2252A(b)(1) predicate offense. Moreover, because the North Carolina statute is not divisible, the modified categorical

5

approach could not be applied under the Supreme Court's recent decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013).

McClure's argument, however, is foreclosed by this Court's decision in *United States v. Spence*, 661 F.3d 194 (4th Cir. 2011). In interpreting the parallel language in 18 U.S.C. § 2252A(b)(2), that decision concluded that the phrase, "involving a minor or ward," modified only the term, "abusive sexual conduct." 661 F.3d at 197. As a result, a prior conviction triggers the enhanced minimum and maximum sentences if it qualifies categorically as "aggravated sexual abuse" or "sexual abuse"—regardless of whether the offense involved a minor or ward. *Id.*

## CONCLUSION

As required by *Anders*, McClure respectfully asks this Court to independently review the entire record to determine if there are any non-frivolous issues that could support an appeal.

## STATEMENT REGARDING ORAL ARGUMENT

Counsel submits that oral argument is unnecessary in this case. If the Court determines, however, that any potentially meritorious issues exist, counsel requests an opportunity to brief and argue those issues.

6

DATED this 3rd day of September, 2013.

                                Respectfully submitted,

                                Henderson Hill
                                Executive Director
                                FEDERAL DEFENDERS OF
                                      WESTERN NORTH CAROLINA, INC.

                                <u>s/ Joshua B. Carpenter</u>
                                Appellate Attorney
                                FEDERAL DEFENDERS OF
                                      WESTERN NORTH CAROLINA, INC.
                                One Page Avenue, Suite 210
                                Asheville, North Carolina 28801
                                (828) 232-9992

                                *Counsel for Appellant*

## **CERTIFICATE OF COMPLIANCE**

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

    [ X ] this brief contains [*1,391*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

    [   ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Garamond*]; *or*

    [   ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated:  September 3, 2013               /s/ Joshua B. Carpenter
                                        *Counsel for Appellant*

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 3rd day of September, 2013, I caused this Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> Amy E. Ray
> OFFICE OF THE U.S. ATTORNEY
> 100 Otis Street, Room 233
> Asheville, North Carolina  28801
> (828) 271-4661
>
> *Counsel for Appellee*

I further certify that on this 3rd day of September, 2013, I caused the required copies of the Brief of Appellant to be hand filed with the Clerk of the Court and a copy of the Brief of Appellant to be served, via U.S. Mail, postage pre-paid, to the Appellant:

> Mr. James Alan McClure, #26797-058
> EDGEFIELD FCI
> Federal Correctional Institution
> Post Office Box 725
> Edgefield, South Carolina  29824

/s/ Joshua B. Carpenter
*Counsel for Appellant*